UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HOWMET AEROSPACE INC., a Delaware Corporation | Case No.  1:22-cv-713 |
| Plaintiff, | Hon. |
| v. | |
| JOHN CORRIGAN, an individual, NICHOLAS G. LIRONES, an individual, and the ESTATE OF RONALD WARD | |
| Defendants. | |

Richard E. Hillary, II (P56092)
Neil J. Marchand (P73118)
Jacob L. Carlton (P84859)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
PO Box 306
Grand Rapids, MI  49501-0306
616.831.1700
hillaryr@millerjohnson.com
marchandn@millerjohnson.com
carltonj@millerjohnson.com

## COMPLAINT

Plaintiff, Howmet Aerospace Inc. ("Howmet"), for its Complaint for Declaratory Relief against Defendants, states:

### Introduction

1. This is an ERISA action in which Howmet seeks to enforce the termination provision of the Pechiney Corporation Deferred Compensation Plan (the "Plan") (**Exhibit A**). The plain language of the Plan expressly authorizes Howmet to "terminate the Plan … in its sole judgment … [and] may discharge in full its obligations to any Participant upon payment of the Participant's Deferred Compensation Account Balance." In 2020, Howmet terminated the Plan and paid the Participants of the Plan their entire Deferred Compensation Account Balance, thereby

discharging all Plan obligations.  Now, a dispute has arisen in which certain Defendants—who had been Participants in the Plan—claim that Howmet has continuing obligations under the Plan, namely payment to their beneficiary of a death benefit.  Accordingly, Howmet seeks declaratory relief that it has properly terminated and discharged all of its obligations pursuant to the terms of the Plan.

**Parties**

2. Howmet is a Delaware Corporation with its principal place of business in Pittsburgh, Pennsylvania.

3. Upon information and belief, Defendant John Corrigan resides at 9054 Cascada Way, Apt. 201, Naples, Florida  34114.  Mr. Corrigan was a Participant in the Plan and retired in 2013.

4. Upon information and belief, Defendant Nicholas Lirones resides at 2950 84th Street SW, Byron Center, Michigan  49315.  Mr. Lirones was a Participant in the Plan and retired in 1993.

5. Ronald Ward was a Participant in the Plan and retired in 1994.  Upon information and belief, Ronald Ward passed away in April 2022 and his estate asserts a claim against the Plan.  Upon information and belief, Mr. Ward was a United States citizen who resided in the United Kingdom prior to his passing.

**Jurisdiction & Venue**

6. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because Howmet seeks equitable relief to enforce the terms of the Plan.

7. This Court has personal jurisdiction over the Defendants pursuant to 29 U.S.C. § 1132(e)(2) because Defendant Lirones resides in this this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the alleged claims occurred in this District and a Defendant resides in this District.

## General Allegations

9. On March 7, 1986, Pechiney Corporation formed the Plan. (**Exhibit A**.)

10. Defendants are all former Pechiney Executives who were Participants in the Plan.

11. Through a series of corporate transactions, Alcoa Inc. ultimately purchased Pechiney Corporation.

12. In November 2016, Alcoa Inc. changed its name to Arconic Inc. Then, in April 2020, Arconic Inc. changed its name to Howmet Aerospace Inc.

## The Plan

13. The Plan was a Deferred Compensation Plan, which allowed Participants in the Plan the opportunity to defer compensation until retirement.

14. The Plan defines Deferred Compensation Account as:

> any account maintained on the books of the Employer for each Participant pursuant to Article VI.
>
> A separate Deferred Compensation Account shall be maintained for each Participant. A Participant's Deferred Compensation Account shall be utilized solely as a device for the determination of the amounts to be paid to the Participant pursuant to this Plan. A Participant's Deferred Compensation Account shall not constitute, or be treated as, a trust fund of any kind, and it shall be unfunded at all times. (**Exhibit A**, Section 2.8.)

15. Section 6.1 describes how to determine a participant's Deferred Compensation Account balance. Specifically, Section 6.1 provides:

> **6.1 Determination of Account.** A Participant's Deferred Compensation Account, as of each Determination Date, shall consist of the balance of the Participant's Deferred Compensation Account as of the immediately preceding Determination Date, plus Deferred Compensation since the

immediately preceding Determination Date pursuant to Section 5.1 and any Employer credit required to be made pursuant to Section 5.2, and the interest credited since the preceding Determination Date pursuant to Section 5.3. The Deferred Compensation Account of each Participant shall be reduced by the amount of all distributions, if any, made from such Deferred Compensation Account since the preceding Determination Date.

16. To terminate the Plan, Section 9.2 provides:

**9.2 Employer's Right to Terminate**. Pechiney Corporation may *at any time terminate the Plan* or any Employer's or any individual's participation or continued deferrals under the Plan, if, *in its sole judgment*, the continuance of the Plan, or any such participation, would not be in the best interests of the Employer. Upon the termination of the Plan, or any participation in the Plan, the employer *may discharge its full obligation* to any Participant upon *payment of the Participant's Deferred Compensation Account balance*. (emphasis added).

### Howmet Terminates the Plan

17. On July 28, 2020, Howmet elected to terminate the Plan, pursuant to the plain language of the Plan. ((**Exhibit B** at p. 1, Corrigan Letter); (**Exhibit C** at p. 1, Lirones Letter); (**Exhibit D** at p. 1, Ward Letter).)

18. Pursuant to Section 9.2, upon termination of the Plan, Howmet paid each defendant the balance of their Deferred Compensation Account. ((**Exhibit B** at p. 2, Corrigan Check); (**Exhibit C** at p. 2, Lirones Paystub); (**Exhibit D** at p. 2, Ward Check).)

19. By paying each Participant the balance of their Deferred Compensation Account, Howmet discharged its obligations in full and properly terminated the Plan pursuant to Section 9.2.

20. After Howmet terminated the Plan and paid each Defendant the balance of their Deferred Compensation Account, Defendants have claimed their beneficiaries remain eligible for payments upon death pursuant to Section 7.3 of the Plan.

21. Section 7.3 provides:

4

> **7.3 Payment Upon Death**. Upon death of a Participant, either before or after Retirement, a Participant's Beneficiary will receive a single lump sum payment equal to the higher of 1) the current balance in the Participant's Deferred Compensation Account, or 2) an amount equal to the product of 30% times the number of Plan Years, both before and after Retirement, in which the Participant has been in the Plan, times the total amount of Deferred Compensation, without reduction for any payment made to the Participant while alive; ***provided no payment shall be made under this Section following an event giving rise to the payment of a Participant's Deferred Compensation Account current balance under Section 7.4 or Section 9.2***. (emphasis added).

22. Howmet terminated the Plan pursuant to Section 9.2 before any of the Defendant Participants passed away.

23. And Section 7.3 of the Plan is clear: "no payment shall be made under this Section following an event giving rise to the payment of a Participant's Deferred Compensation Account current balance under Section 7.4 or Section 9.2."

24. Because Howmet paid each Defendant their Deferred Compensation Account balance at the time Howmet terminated the Plan, Howmet properly terminated the Plan and is not obligated to make payments upon each Defendant Participant's death pursuant to Section 7.3.

## COUNT I

### Declaratory Relief – Howmet Properly Terminated the Plan and Discharged All of its Obligations under the Plan

25. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein.

26. The plain language of the Plan allows Howmet to terminate the Plan in its sole judgment and discharge all of its Plan obligations by paying each Plan Participant the balance in their Deferred Compensation Account.

27. On July 28, 2020, Howmet terminated the Plan and paid each Defendant their Deferred Compensation Account balance.

5

28.     Howmet properly terminated the Plan and discharged all of its obligations under the Plan.

29.     Despite Howmet's termination of the Plan and discharge of all of its obligations under the Plan, some Defendants allege that Section 7.3 survives Howmet's termination of the Plan even though Section 7.3 states that "no payment shall be made under this Section" following the termination of the Plan pursuant to Section 9.2.  Thus, an actual controversy between the Parties exists, and declaratory relief is appropriate pursuant to 28 U.S.C. § 2201.

30.     Howmet is entitled to appropriate equitable relief to enforce the termination provision of the Plan and seeks a declaratory judgment from this Court that Howmet has properly terminated the Plan and discharged all of its obligations under the Plan.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a Declaratory Judgment and order that (1) Howmet has properly terminated the Plan on July 28, 2020; (2) Howmet has discharged all of its obligations under the Plan; and (3) Section 7.3 does not survive Howmet's termination of the Plan.  Plaintiff further seeks its attorneys' fees, costs, and such other further relief as the Court deems just and proper.

MILLER JOHNSON,
Attorneys for Plaintiff

Dated:  August 8, 2022         By     /s/ Neil J. Marchand
                                      Richard E. Hillary, II (P56092)
                                      Neil J. Marchand (P73118)
                                      Jacob L. Carlton (P84859)
                               Business Address:
                                      45 Ottawa Avenue SW, Suite 1100
                                      PO Box 306
                                      Grand Rapids, Michigan 49501-0306
                               Telephone: (616) 831-1700
                                      hillaryr@millerjohnson.com
                                      marchandn@millerjohnson.com
                                      carltonj@millerjohnson.com