UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWMET AEROSPACE INC.,

    Plaintiff,

v.

JOHN CORRIGAN, et al.,

    Defendants.
_____/

Case No. 1:22-cv-713

Hon. Hala Y. Jarbou

## OPINION

On December 13, 2022, the Court denied Defendants John Corrigan, Nick Lirones, and Estate of Ronald Ward's motion to compel arbitration and granted Plaintiff Howmet Aerospace, Inc.'s motion to stay arbitration. (12/13/2022 Op., ECF No. 25; 12/13/2022 Order, ECF No. 26.) Defendants subsequently filed a notice of interlocutory appeal to the Sixth Circuit. (Notice of Appeal, ECF No. 28; Am. Notice of Appeal, ECF No. 30.) Before the Court is Defendants' motion to stay the proceedings in this Court pending the Sixth Circuit's resolution of their appeal (ECF No. 31). Also before the Court is Plaintiff's motion to strike Defendants' reply brief in support of their motion to stay or, in the alternative, to consider Plaintiff's sur-reply (ECF No. 43).

### I. BACKGROUND

The facts of the case are summarized in the Court's December 13, 2022, opinion. Briefly, this case concerns a dispute over the parties' rights and obligations under a nonqualified Deferred Compensation Plan ("Plan"). (Deferred Comp. Plan, ECF No. 9-2.) Defendants are former executives who were eligible to participate in, and did participate in, the Plan. (Compl. ¶ 10, ECF No. 1.) On July 28, 2020, Plaintiff elected to terminate the Plan under its termination provision. (*Id.* ¶ 17.) Plaintiff paid Defendants the balances of the deferred compensation to which they were

entitled. (Corrigan Notice of Termination & Payout, ECF No. 1-2, PageID.21-21; Lirones Notice of Termination & Payout, ECF No. 1-3, PageID.23-24; Ward Notice of Termination & Payout, ECF No. 1-4, PageID.26-27.) Defendants then claimed that not only were they entitled to deferred compensation after termination, but that their beneficiaries were also entitled to a gratuity upon their death. In response, Plaintiff filed this action seeking a declaration that Plaintiff properly discharged its obligations when it terminated the Plan and paid Defendants.

## II. ANALYSIS

The Federal Arbitration Act (FAA) provides that an appeal may be taken from a district court's order denying a motion to compel arbitration. 9 U.S.C. § 16(a); *see also Preferred Care of Delaware, Inc. v. Est. of Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017) (noting that the FAA "permits review of orders that interfere with arbitration, such as those 'refusing' stays of federal proceedings in favor of arbitration and those 'denying' petitions to enforce arbitration agreements"). The circuits are split as to whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction to proceed on the merits.

> A majority of circuits have held that an appeal regarding arbitrability of claims does divest the district court of jurisdiction over those claims, as long as the appeal is not frivolous. *See Levin v. Alms & Assoc.*, 634 F.3d 260, 263 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997). A minority of circuits have refused to issue stays while § 16(a) appeals were under consideration. *See Weingarten Realty Investors v. Miller*, 611 F.3d 904, 908 (5th Cir. 2011); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004); *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990).

*Dental Assocs., P.C. v. Am. Dental Partners of Mich., LLC*, No. 11-11624, 2012 WL 1555093, at *2 (E.D. Mich. Apr. 30, 2012).

The minority approach distinguishes between arbitrability and the merits of the litigation; essentially, "because answering the question of arbitrability does not determine the merits of the

2

case, the merits are not an aspect of the case that is involved in the appeal on arbitrability." *Weingarten Realty Invs.*, 661 F.3d at 908 (citing *Britton*, 916 F.2d at 1411-12). The majority approach counters this argument by explaining that "although 'arbitrability is distinct from the merits of the litigation,' an appeal under § 16(a)(1)[] 'presents the question whether the district court must stay its own proceedings pending arbitration' and therefore '[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Levin*, 634 F.3d at 264 (quoting *Bradford-Scott Data Corp*, 128 F.3d at 506).

The Sixth Circuit has not taken a position on this issue. However, it has recognized that "'[t]he filing of a [timely] notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal.'" *Greiner v. Macomb Cnty.*, No. 19-1055, 2019 WL 7563738, at *1 (6th Cir. Feb. 22, 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2021). District courts within the Sixth Circuit have endorsed the majority approach. *See, e.g.*, *Rogers v. SWEPI LP*, No. 2:16-cv-999, 2018 WL 1663294, at *3 (S.D. Ohio Apr. 6, 2016); *Jowers v. NPC Int'l, Inc.*, No. 13-1036, 2015 WL 3537135, at *4 (W.D. Tenn. June 4, 2015); *Dental Assocs.*, 2012 WL 1555093, at *2-3; *Cambio Health Sols., LLC v. Reardon*, 228 F. Supp. 2d 883, 885-86 (M.D. Tenn. 2002). The Court finds the majority approach persuasive; that is, the filing of an interlocutory appeal under § 16(a) divests this Court of jurisdiction to proceed on the merits so long as the appeal is not frivolous.

Plaintiff argues that even if this Court were to apply the majority approach, the Court should nonetheless deny Defendants' motion to stay because their appeal is frivolous. "[E]ach of the circuits adopting the majority view has created a frivolousness exception to the divestiture of jurisdiction." *Levin*, 634 F.3d at 265. In the Tenth Circuit,

3

> upon the filing of a motion to stay litigation pending an appeal from the denial of a motion to compel arbitration, the district court may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited. That certification will prevent the divestiture of district court jurisdiction. Appellant may then move this court for a stay pending appeal, asserting that the district court's finding of frivolousness is not supported by the record. If this court determines that the appeal is not frivolous, we will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration.

*McCauley*, 413 F.3d at 1162 (internal citations omitted); *see also Levin*, 634 F.3d at 265 (adopting the Tenth Circuit's approach to the frivolousness exception). The Seventh Circuit approaches the frivolousness exception by allowing "the appellee [to] ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Bradford-Scott Data Corp.*, 128 F.3d at 506 (internal citations omitted).

The Sixth Circuit has not addressed a district court's ability to certify an appeal of a denial of a motion to compel arbitration as frivolous. However, the court has recognized a district court's authority to certify an appeal as frivolous in the context of qualified immunity. *See Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991); *see also Krycinski v. Packowski*, 556 F. Supp. 2d 740, 741 (W.D. Mich. 2008) (noting that "a district court has discretion to retain jurisdiction over the federal claims [related to the denial of qualified immunity] and proceed to trial on them by making a finding of waiver or frivolousness with respect to the interlocutory appeal). Accordingly, the Court will proceed to address the merits of Plaintiff's argument that Defendants' appeal regarding the arbitrability of this dispute is frivolous.

The presumption of arbitrability applies to expired contracts with no survival clause only when the dispute meets one of three conditions: (1) it involves facts and occurrences that mostly arose before expiration; (2) an action taken after expiration infringes a right that accrued or vested under the agreement; or (3) under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *Stevens-Bratton v.*

4

*TruGreen, Inc.*, 675 F. App'x 563, 567 (6th Cir. 2017) (citing *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 205-06 (1991)). Defendants make no argument regarding the presumption of arbitrability and these conditions. Instead, Defendants argue that Plaintiff improperly terminated the Plan:

> The appeal is not frivolous because legitimate disagreements remain as to whether the Plan was improperly terminated and therefore whether the presumption of arbitrability applies. As has been argued consistently by Defendants, the Plan was improperly terminated under Article 9.2 because the Plan's varied use of the word "Participant" as a capitalized term and "participant" as a lowercase term at the very least makes Article 9.2 ambiguous and at most makes it clear that Howmet did not discharge its obligations to Defendants upon paying them their Deferred Compensation Account balances.

(Defs.' Reply Br. in Supp. of Mot. to Stay, ECF No. 42, PageID.312.) Defendants' argument is clearly baseless. Defendants have not pointed to a single use of the word "participant" as a lowercase term within the Plan, and none of the relevant provisions of the Plan use the word "participant" as a lowercase term.

A "Participant" under the Plan "means any designated Employee who participates in this Plan by filing a Participation Agreement as provided in Article IV." (Deferred Comp. Plan, PageID.92.) On July 28, 2020, Plaintiff elected to terminate the Plan pursuant to Section 9.2. Section 9.2 of the Plan reads,

> **9.2 Employer's Right to Terminate.** Pechiney Corporation may at any time terminate the Plan or any Employer's or any individual's participation or continued deferrals under the Plan, if, in its sole judgment, the continuance of the Plan, or any such participation, would not be in the best interests of the Employer. Upon the termination of the Plan, or any participation in the Plan, the employer may discharge in full its obligations to any Participant upon payment of the Participant's Deferred Compensation Account balance.

(*Id.*, PageID.97.) Plaintiff discharged its obligations to Defendants, who were Participants, by paying them their Deferred Compensation Account balance. Pursuant to Section 4.1, "[o]nce a person becomes a Participant he remains a Participant until his Deferred Compensation Account

5

balance is paid in full in accordance with the terms of the Plan or until his death, whichever occurs first." (*Id.*, PageID.93.) Upon payment of their Deferred Compensation Account balance, Defendants were no longer Participants in the Plan and are still not Participants in the Plan today. Moreover, Section 7.3, titled "Payment Upon Death," states that "[u]pon death of a Participant, either before or after Retirement, a Participant's beneficiary will receive a single lump sum payment." (*Id.*, PageID.96.) So, to receive death benefits, an individual must be a "Participant" as defined by the Plan. Section 7.3 further states that "no payment shall be made under this Section following an event giving rise to the payment of a Participant's Deferred Compensation Account current balance under Section 7.4 or Section 9.2." (*Id.*, PageID.96.) Because Plaintiff paid Defendants Deferred Compensation Account balance in accordance with Section 9.2, they are not entitled to death benefits.

In sum, Defendants have failed to state a non-frivolous reason for their appeal. Defendants' argument regarding the capitalization or non-capitalization of the word "participant" is frivolous because it is clearly without merit. *See Symetra Life Ins. Co. v. Admin. Sys. Rsch. Corp., Int'l*, No. 21-2742, 2022 WL 16730542, at *7 (6th Cir. Nov. 7, 2022) ("In determining whether an appeal is frivolous, we look to the dictionary definition—*i.e.*, 'one in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed.'" (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999))); *see also Dubay v. Wells*, 506 F.3d 422, 432-33 (6th Cir. 2007) ("'Although the term frivolous is not subject to a ready made definition, generally an appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.'" (quoting *Pieper v. Am. Arbitration Assoc.*, 336 F.3d 458, 465 (6th Cir. 2003) (internal citations and quotation marks omitted))).

6

## III. CONCLUSION

For the reasons stated above, the Court will deny Defendants' motion to stay the case. The Court will also deny Plaintiff's motion as it relates to striking Defendants' reply brief but will grant the motion as it relates to the Court's consideration of the arguments made in Plaintiff's sur-reply. An order will enter consistent with this Opinion.

Dated: January 23, 2023           /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE