UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWMET AEROSPACE, INC.,

    Plaintiff,

v.

JOHN CORRIGAN, et al.,

    Defendants.
_____/

Case No. 1:22-cv-713

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Howmet Aerospace, Inc. brings this action seeking a declaration that it has fulfilled its obligations to Defendants under an employee benefits plan formed by Plaintiff's predecessor. Defendants are John Corrigan, Nicholas G. Lirones, and the Estate of Ronald Ward. Before the Court are Plaintiff's motion to dismiss Defendants' counterclaims (ECF No. 16) and motion for judgment on the pleadings (ECF No. 32). For the reasons stated below, the Court will grant both motions.

### I. BACKGROUND

The facts of this case are summarized in the Court's December 13, 2022, opinion. (Opinion, ECF No. 25.) Briefly, this case concerns a dispute over the parties' rights and obligations under a nonqualified deferred compensation plan ("Plan"). (Deferred Comp. Plan, ECF No. 9-2.) Defendants are or represent former executives who were eligible to participate in, and did participate in, the Plan. (Compl. ¶ 10, ECF No. 1.) On July 28, 2020, Plaintiff elected to terminate the Plan under its termination provision. (*Id.* ¶ 17.) Plaintiff paid Defendants the balances of the deferred compensation to which they were entitled. (Corrigan Notice of Termination & Payout, ECF No. 1-2, PageID.21-22; Lirones Notice of Termination & Payout,

ECF No. 1-3, PageID.23-24; Ward Notice of Termination & Payout, ECF No. 1-4, PageID.26-27.) Defendants then claimed that not only were they entitled to deferred compensation after termination, but that their beneficiaries were also entitled to a gratuity upon their death. In response, Plaintiff filed this action seeking a declaration that Plaintiff properly discharged its obligations when it terminated the Plan and paid Defendants.

## II. LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "formulaic recitations of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts are generally bound to consider only the complaint when resolving a motion to dismiss unless the Court converts the motion to one for summary judgment. *Wysocki v. IBM Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (internal citations omitted).

Courts use the same standard to review both a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss brought pursuant to Rule 12(b)(6). *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citing *Roger Miller Music v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007)).

Finally, when a party fails to respond to a motion, any argument they may have raised in opposition is deemed to be waived. "[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008).

### III. ANALYSIS

Plaintiff has brought a motion to dismiss Defendants' counterclaims, as well as a motion for judgment on the pleadings to resolve its declaratory judgment claim. Defendants have not substantively responded to either motion and the time for them to do so has passed. As a result, any counterargument by Defendants has been waived. Although Plaintiff's motion is unopposed, the Court must still examine whether Plaintiff has met its burden before the requested relief may be granted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("[T]he movant must always bear this initial burden regardless if an adverse party fails to respond.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)).

**A. Motion to Dismiss**

Plaintiff moves to dismiss Defendants' counterclaims on the grounds that they are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). Specifically, ERISA states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144; *see Cromwell v. Ecuicor-Eq. HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991). "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan'" *Id.* (quoting *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 732-33 (1985)).

Defendants bring state law counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Each of these claims are preempted by ERISA. *See, e.g., Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 589 (6th Cir.

3

2016) ("ERISA specifically provides for remedies for breaches of contract and fiduciary duties. Consequently, any state law claim that grants relief for these breaches 'duplicate[s], supplement[s], or supplant[s] the ERISA civil remedies.'") (quoting *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 419 (6th Cir. 2014)); *see also Chau v. Hartford Life Ins. Co.*, 167 F. Supp. 3d 564, 572 (S.D.N.Y. 2016) (holding that claims for state law breach of the implied covenant of good faith and fair dealing "are quasi-contractual claims," and that the claims "relate to the Plan and are preempted by ERISA").

Moreover, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell*, 944 F.2d at 1276.  Each of the counterclaims request the amount that Defendants believe they are due under the Plan. (Countercls. ¶ 39) ("Damages are calculable according to the schedule of survival benefits included in annual statements sent to each Defendant/Counter-Plaintiff.") Therefore, Defendants' state law counterclaims relate to an ERISA benefit plan and are preempted. Accordingly, they will be dismissed.

**B. Motion for Judgment on the Pleadings**

Plaintiff also moves for judgment on the pleadings on its claim for declaratory judgment. Specifically, Plaintiff seeks a declaration and order that "(1) Howmet has properly terminated the Plan on July 28, 2020; (2) Howmet has discharged all of its obligations under the Plan: and (3) Section 7.3 does not survive Howmet's termination of the Plan."  (Pl.'s Br. in Supp. of Mot. for J. on the Pleadings 8, ECF No. 33.)

The Plan provisions relevant to this action include §§ 7.3, 7.4, and 9.2.  Section 7.3 details procedures for "Payment Upon Death" of a plan participant.  It provides for a lump sum to be paid to the participant's beneficiary, except that "no payment shall be made under this Section following

4

an event giving rise to the payment of a Participant's Deferred Compensation Account current balance under Section 7.4 or Section 9.2." (Deferred Comp. Plan § 7.3.)

Section 7.4 provides for "Payment Upon Termination of Employment." No party asserts that a Section 7.4 payment has been made; instead, Howmet claims to have terminated its obligations to the Defendants in accordance with Section 9.2. That Section concerns the "Employer's Right to Terminate." Under Section 9.2, the corporation (or its successors):

> may at any time terminate the plan . . . if, in its sole judgment, the continuance of the Plan . . . would not be in the best interests of the Employer. Upon the termination of the Plan, or any participation in the Plan, the Employer may discharge in full its obligations to any Participant upon payment of the Participant's Deferred Compensation Account balance.

(Deferred Comp. Plan § 9.2.)

On July 28, 2020, Plaintiff wrote to each of the former employees, Corrigan, Lirones, and Ward, informing them that it had decided to terminate the Plan, as provided in Section 9.2. (Corrigan Notice of Termination & Payout 1; Lirones Notice of Termination & Payout 1; Ward Notice of Termination & Payout 1.) It subsequently paid each employee their deferred compensation account balance while they were still living. (*See* Corrigan Notice of Termination & Payout 2; Lirones Notice of Termination & Payout 2; Ward Notice of Termination & Payout 2.) In doing so, Plaintiff "discharge[ed] in full its obligations" to Defendants. (Deferred Comp. Plan § 9.2.)

Defendants do not contest that they were paid the balance of their deferred compensation accounts. They instead rest their dispute about Plaintiff's termination of the plan on an assertion that "Howmet has not discharged its duty to pay out survival/'death' benefits to Defendants' beneficiaries under the Plans, or in the alternative, that survival/death benefits will be due to Defendants' beneficiaries in the future." (Answer ¶ 20.)

Defendants are incorrect. Section 7.3 governing payment upon death plainly and unambiguously "provide[s] that no payment shall be made under this Section following an event giving rise to the payment of a Participant's Deferred Compensation Account current balance under Section 7.4 or Section 9.2." "[T]he rule that contractual 'provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA . . . plan.'" *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015) (quoting *Heimshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013)). Plaintiff terminated the Plan under Section 9.2. As a result, no payment is owed to Defendants' beneficiaries upon Defendants' death. Defendants have waived any further counterarguments by failing to timely respond to Plaintiff's motion. As such, declaratory relief is proper, and Plaintiff's motion for judgment on the pleadings will be granted.

## IV. CONCLUSION

In short, Defendants' counterclaims are preempted by ERISA. Additionally, Plaintiff properly terminated its obligations to Defendants under the provisions of the Plan. That termination includes the obligation to pay death benefits, as expressly stated by the Plan.

Accordingly, the Court will grant Plaintiff's motion to dismiss Defendants' counterclaims. The Court will also grant Plaintiff's motion for judgment on the pleadings. An order and judgment will enter consistent with this Opinion.

Dated: July 14, 2023            /s/ Hala Y. Jarbou
                                HALA Y. JARBOU
                                CHIEF UNITED STATES DISTRICT JUDGE